UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASKARAN SINGH,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-03490-GJL<br><br>ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner Jaskaran Singh is a native and citizen of India and is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. On September 17, 2026, Petitioner filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting the Court order Respondents to immediately release him from custody and permanently enjoin his re-detention during the pendency of his removal proceedings absent written notice and a hearing prior to any re-detention.[1] Dkt.1. On September 18, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order ("TRO") which similarly requests the Court order his immediate release and prohibit Respondents from re-detaining him in connection with his pending removal proceedings. Dkt. 5. In the alternative, Petitioner requests the Court direct Respondents to

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. *See* Dkt. 4.

provide him with an individualized custody hearing or require Respondents to provide at least 72 hours' advance written notice to Petitioner's counsel and the Court before any transfer to another detention facility. *Id*. at 9.

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, Petitioner must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

In response to the increased volume of immigration-related habeas corpus petitions, the Court published General Order 08-26 on July 7, 2026, to establish procedures for petitions for writ of habeas corpus under 28 U.S.C. § 2241.[2] With respect to TROs, the General Order aims to "reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition." W.D. Wash. Gen. Ord. 08-26 at 3. The General Order provides that TROs "should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." *Id*.

Here, Petitioner has not established he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Petitioner argues that absent this Court's intervention through the granting of a TRO, Petitioner's potential transfer from NWIPC would "disrupt attorney-client access, complicate communication and factual development, and risk delaying adjudication of a claim seeking immediate restoration of liberty." Dkt. 5 at 6. However,

[2] General Order 08-26 supersedes General Order 10-25, issued December 18, 2025, and continues to modify the Court's General Order 05-25, issued February 19, 2025. *See* W.D. Wash Gen. Ord. 08-26 at 1.

he alleges no concrete facts demonstrating that his transfer from NWIPC or removal from the United States is, in fact, imminent. As the Supreme Court made clear in *Winter*, "a possibility of irreparable harm" is insufficient to demonstrate an entitlement to preliminary injunctive relief. 555 U.S. at 22.

This Court observes as well that the standard Scheduling Order issued in this action on September 18, 2026, in accordance with General Order 08-26, requires Respondents to provide Petitioner and his counsel with "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States." Dkt. 3 at 2. Petitioner's concerns about his possible transfer are adequately addressed by the Scheduling Order. The Court will, however, **DIRECT** Respondents to provide Petitioner, his counsel, and the Court at least 72 hours' notice prior to any action to move or transfer Petitioner from this District or to remove him from the United States.

//

//

//

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents **SHALL** provide Petitioner, Petitioner's counsel, and this Court **at least 72 hours' notice** prior to any action to move or transfer Petitioner from the Western District of Washington or to remove him from the United States;

2. Petitioner's Motion for TRO (Dkt. 5) is otherwise **DENIED without prejudice** to Petitioner seeking another TRO if circumstances change and he is able to satisfy all of the *Winter* criteria; and

3. The Clerk shall send copies of this Order to all counsel of record.

Dated this 18th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge