UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASKARAN SINGH,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-03490-GJL<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Jaskaran Singh ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On September 17, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody and injunctive relief related to re-detention.[1] *Id.* Respondents to the Petition include Markwayne Mullin (the

[1] Petitioner's Petition was filed with his counsel's verification of the contents presented therein. *See* Dkt. 1-2; 28 U.S.C. § 2242 (habeas petitions must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). *See also* Local Rule W.D. Wash. 100(e) ("If a petition or motion is not made and verified by the party in custody, the person making such petition or motion shall verify the same on behalf of such party in custody, and shall set forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated.").

Department of Homeland Security ("DHS") Secretary), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Todd Blanche (U.S. Attorney General), David Venturella (Acting Director, ICE), and Bruce Scott (Warden of the NWIPC).[2]

On October 2, 2026, Respondents filed a Return (Dkt. 8), supported by sworn declarations from ICE Deportation Officer Vincent Cvitanovic (Dkt. 10) and their counsel, Shaun M. Pehl (Dkt. 9). Petitioner filed a timely Traverse in reply on October 7, 2026. Dkt. 11.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition **IN PART** and **ORDERS** Petitioner's immediate release and injunctive relief as set forth below in the conclusion below.

## I. BACKGROUND

Petitioner, a native and citizen of India, entered the United States without inspection near San Luis, Arizona, on May 5, 2023, and was apprehended by U.S. Customs and Border Patrol. Dkt. 1 ¶ 1; Dkt. 10 ¶ 4 (Cvitanovic Decl.). On May 7, 2023, Petitioner was issued a Notice to Appear ("NTA"), charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). Dkt. 9-2, Ex. B; Dkt. 10 ¶ 5. However, due to a lack of detention capacity, on that same day, Petitioner was released from immigration custody pursuant to an Order of Release on Recognizance ("OREC"). Dkt. 10 ¶ 6. Among other things, Petitioner's release was on the condition that Petitioner "not change [his] place of residence without first securing written permission from the immigration officer listed above." *Id*.

On August 10, 2023, Petitioner reported to the ICE Office in Tukwila, Washington, and requested permission to relocate to Fresno, California. *Id*. ¶ 8. ICE granted the request,

---

[2] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

authorizing Petitioner's relocation and directing him to report to the ICE Office in Fresno, California. *Id*. Petitioner also properly filed a change of address form in immigration court, indicating a current address in Fresno, California. *Id*. ¶ 9.

Since that time, Petitioner has lived openly in his community. *See* Dkt. 1 ¶ 25. Further, on August 18, 2023, Petitioner filed a Form I-589, application for asylum and for withholding of removal. *Id*.; Dkt. 10 ¶ 13. On May 16, 2025, Petitioner filed an updated asylum application which remains pending in a California immigration court. Dkt. 1 ¶ 25; Dkt. 10 ¶ 15.

On August 25, 2026, Petitioner filed a change-of-address form in immigration court, indicating a current address in Kent, Washington. Dkt. 10 ¶ 16. Petitioner also submitted an online change of address to ICE on September 4, 2026, indicating a current address in Kent, Washington. *Id*. ¶ 17. According to Petitioner, his attorney informed him that the venue had been changed from California to Washington and that Petitioner could attend his next ICE check-in appointment, in person, in Washington. Dkt. 1 ¶ 27.

Thus, acting on the advice of his attorney, on September 15, 2026, Petitioner reported for a check-in to the ICE Office in Tukwila, Washington. Dkt. 1 ¶ 28; Dkt. 10 ¶ 18. Respondents assert that this check-in instead was scheduled for the ICE Office in Fresno, California. Dkt. 10 ¶ 18. As a result, Petitioner was detained at the Tukwila ICE Office and his OREC was revoked for not having authorization for relocation from Fresno ICE Office. *Id*. ¶ 19. He was transferred to NWIPC, where he remains detained. Dkt. 1 ¶ 11; Dkt. 10 ¶ 19.

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on September 17, 2026. Dkt. 1. On September 18, 2026, the Court entered a Scheduling Order, directing a response to the Petition by October 2, 2026, and a reply by October 7, 2026. Dkt. 3. Also on September 18, 2026, Petitioner filed the Motion for a Temporary Restraining Order ("TRO"), which was denied

without prejudice in part on the basis that the Court's Scheduling Order adequately addresses Petitioner's concerns about possible transfer. Dkts. 5, 7. Respondents filed a Response on October 2, 2026, followed by Petitioner's Traverse on October 7, 2026. Dkts. 8, 11.

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in the immigration detention context, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

## III. DISCUSSION

Petitioner alleges Respondents violated constitutional guarantees of due process under the Fifth Amendment by re-detaining him without pre-deprivation notice and a hearing. Dkt. 1 at 6–

14. Respondents acknowledge that Petitioner did not receive a pre-deprivation hearing, but argue that Petitioner is detained under 8 U.S.C. § 1225(b). Dkt. 8 at 1–2.

As a threshold matter, the Court again rejects Respondents' mandatory detention argument and its continuing effort to expansively wield the discrete authority of 8 U.S.C. § 1225(b) as a cudgel to abruptly and without notice confine noncitizens such as Petitioner who had been released on an OREC for more than two years while seeking asylum. *See, e.g., Singh v. Mullin*, No. 2:26-cv-01730-GJL, 2026 WL 2111274, at *2 (W.D. Wash. July 22, 2026) ("[T]his Court has previously rejected [the Government's] mandatory detention argument and does so again here."). And even if the Court were somehow persuaded by this misplaced argument, Respondents must still comply with due process. Thus, the Court turns to whether Petitioner's continued detention without an individual custody determination comported with due process under the familiar framework set forth in *Mathews*, 424 U.S. 319.

In their Response, Respondents agree that the *Mathews* test applies to Petitioner's due process claim. *See* Dkt. 8 at 4. Respondents further recognize that, when applying the *Mathews* analysis, courts in this District have found petitioners who are similarly situated to Petitioner here were entitled to pre-deprivation hearings, and that, should this Court "apply the same reasoning as stated in [those cases], [it] will likely find the re-detention of Petitioner required notice and a pre-deprivation hearing to comport with procedural due process." *Id*. (citing *Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF, 2026 WL 507678, at *4 (W.D. Wash. Feb. 24, 2026); *Sierra Soto v. Bondi*, No. 2:26-cv-00652-BAT, 2026 WL 972731, at *6-7 (W.D. Wash. Apr. 10, 2026); *Randhawa v. Noem*, No. 2:26-cv-00461-BAT, 2026 WL 628299, at *3 (W.D. Wash. Mar. 6, 2026); *Caiza Aucatoma, et al. v. Hernandez*, No. 2:26-cv-01253-SKV, 2026 WL 1265541, at *6-8 (W.D. Wash. May 8, 2026)).

Though they cite these cases, Respondents do not discuss the facts of the cases, identify the specific arguments advanced by the Government they wish to adopt here, or otherwise seek to distinguish those cases from the instant Petition to avoid a similar result. Dkt. 8 at 4. Rather, Respondents provide only that "[f]or the reasons stated in the briefing referenced in the *Sierra Soto* and *Randhawa* opinions, Federal Respondents respectfully disagree." *Id*.

Despite this thinly supported disagreement from Respondents, the Court finds all three *Mathews* factors weigh in favor of Petitioner.

First, Petitioner's private interest is substantial. Petitioner was living openly in his community in the United States for years before Respondents abruptly returned him to physical custody. Dkt. 1. "[Noncitizens] who have established connections in this country have due process rights in deportation proceedings[.]" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Further, the Court rejects the notion that Petitioner's weighty liberty interest is greatly diminished solely because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action); *see also Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). And "individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093, No. 2:25-cv-00647-DJC-DMC, (E.D. Cal. Mar. 3, 2025); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-

citizens is always constrained by the requirements of due process[.]”); *E.A. T. B.*, 795 F. Supp. 3d at 1320–21. The first *Mathews* factor weighs heavily in Petitioner’s favor.

Second, the lack of procedures employed here created a substantial risk of erroneous deprivation, while additional process would offer significant value. Petitioner was re-detained without advance notice that his liberty would be revoked and without an opportunity to contest the factual or legal basis for his renewed detention before a neutral decisionmaker. *See* Dkt. 1; Dkt. 9-1, Ex. A. Notice and a prompt custody hearing therefore would have provided substantial value by permitting Petitioner an opportunity to respond and prepare for his possible re-detention while permitting a neutral decisionmaker to test the factual and legal grounds asserted for depriving Petitioner of his liberty. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324. Thus, the second *Mathews* factor also favors Petitioner.

Third, the Court recognizes the Government’s substantial interest in the efficient administration and enforcement of the immigration laws, including its lawful authority to detain noncitizens when appropriate. But as this Court has also repeatedly recognized, custody hearings are routine proceedings, and the marginal administrative burden associated with providing such review is insufficient to outweigh the substantial liberty interest implicated by physical detention. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025). The third *Mathews* factor therefore also favors Petitioner.

On balance, the *Mathews* factors establish that the absence of any process afforded here was constitutionally inadequate. Accordingly, the Court concludes that Respondents re-detained Petitioner without providing the process due to him under the Fifth Amendment to the United States Constitution.

The ability for Petitioner to be heard and challenge the reasons for his re-detention in a neutral forum serves "as a crucial bulwark against the unfettered disregard of individual liberty interests." *G.S. v. Hermosillo*, No. 25-cv-2704-TSZ, 2026 WL 179962, at *3 (W.D. Wash. Jan. 22, 2026). Despite its constitutionally critical utility and the limited administrative burden it entails, Respondents failed to provide such procedural protections in this case and many others like it.[3]

## IV. REMEDY

Having determined that Petitioner is detained without being provided the process due to him, the Court now determines the appropriate remedy for his unlawful confinement. As relief, Petitioner seeks immediate release from custody and a permanent injunction prohibiting any

[3] While the Court does not undertake a true accounting of factually similar cases wherein Respondents detained noncitizens without the required processes, it observes that some of the earliest cases reaching that conclusion have been cited more than one-hundred times in subsequent decisions from this District alone. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) (according to Westlaw, this decision has been cited 299 times by courts in this District since August 19, 2025, with more than 784 total citing references); *Ramirez Tesara*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025) (similarly this decision has been cited 196 times by courts in this District since September 12, 2025, with more than 327 total citing references on Westlaw).

These decisions are also cited and echoed by district courts across the country. *See, e.g. Perez Majano, v. Rokosky*, No. CV-26-05535-PHX-JZB, 2026 WL 2508262 (D. Ariz. Aug. 26, 2026); *Romero Avila v. Warden, Adelanto ICE Processing Center*, No. 5:26-CV-02701-KS, 2026 WL 2203141 (C.D. Cal. July 29, 2026); *Diaz v. Albarran*, No. 3:25-CV-09837-JSC, 2026 WL 2499439 (N.D. Cal. Aug. 25, 2026); *Cerna-Carranza v. LaRose*, No. 3:26-CV-4578-JES-JLB, 2026 WL 2446130 (S.D. Cal. Aug. 20, 2026); *Carlos U.G. v. Warden of the California City Det. Facility,* No. 1:26-CV-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026);*Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025); *J-S-D-V v. Hernandez*, No. 6:26-CV-00470-MC, 2026 WL 1346346 (D. Or. May 14, 2026); *Wu v. Stamper*, No. 1:26-CV-00090-SDN, 2026 WL 608286 (D. Me. Mar. 4, 2026); *Yin v. Maldonado*, No. 26-CV-0103 (PKC), 2026 WL 295389 (E.D.N.Y. Feb. 4, 2026); *Omar v. U.S Immigr. & Customs Enf't*, No. CV 26-00443-BAJ-EWD, 2026 WL 1663009 (M.D. La. May 29, 2026); *A.S.M. v. Lyons*, No. 26 C 5381, 2026 WL 2042774 (N.D. Ill. July 15, 2026); *Gonzalez Arias v. Woodbury Cnty. Jail*, No. C26-4041-LTS-MAR, 2026 WL 1735035 (N.D. Iowa June 16, 2026); *Vang v. Bondi*, No. 0:26-CV-1381, 2026 WL 458195 (D. Minn. Feb. 18, 2026); *Ekenge v. Baltazar*, No. 1:26-CV-00630-SBP, 2026 WL 617341 (D. Colo. Mar. 5, 2026); *Diallo v. Orozco*, No. 2:26-CV-00066-MLG-JHR, 2026 WL 608746 (D.N.M. Mar. 4, 2026);*Martinez Marcano, v. Johnson*, No. CIV-26-1389-J, 2026 WL 2350131 (W.D. Okla. Aug. 13, 2026); *Orellana v. Noem*, 807 F. Supp. 3d 745 (W.D. Ky. 2025) (reaching same conclusion without citation); *Ortiz Gutierrez v. Raycraft*, 821 F. Supp. 3d 934 (S.D. Ohio 2026) (same)*; Khabazha v. United States Immigr. & Customs Enf't*, No. 25-CV-5279 (JMF), 2025 WL 3281514, at *9 (S.D.N.Y. Nov. 25, 2025) (same); *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025) (same); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (same, collecting cases, and observing that "[t]he law is piled sky high against the Government's position.").

future re-detention without notice and a hearing before a neutral decisionmaker prior to re-detention. Dkt. 1 at 15.

**A. Immediate Release**

Here, without lawful process at the outset of re-detention and in the absence of exigent circumstances, the Court finds release is the appropriate and constitutionally required remedy. This conclusion aligns with a broad consensus among district courts. *See, e.g., Rojas v. Almodovar*, 25-cv-7189 (LJL), 2025 WL 3034183, at *8 (S.D.N.Y. Oct. 30, 2025) (holding that where "detention was invalid at its inception[,]" petitioner is "entitled to release."); *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *J.Y.L.C. v. Bostock*, No. 3:25-cv-02083-AB, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025); *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

In their Response, Respondents request that, if habeas relief is granted, this Court should instead require the Government to provide Petitioner with a post-deprivation hearing to reassess his risk of flight, suggesting that his "frequent relocations . . . can be an indication of potential flight risk." Dkt. 8 at 5. However, such a suggestion of flight risk clearly conflicts with the record of Petitioner's appropriate requests for relocation that were granted by immigration officials. Moreover, the Court finds that while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address a grievous deprivation of liberty. *E.A. T.-B*, 795 F. Supp. 3d at 1323–24 (citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.")). The Court

accordingly finds Petitioner should be immediately released. *See E.A. T.-B*, 795 F. Supp. 3d at 1324.

**B. Injunctive Relief**

Petitioner also requests injunctive relief. Dkt. 1 at 15. Particularly, Petitioner asks that Respondents be prohibited from re-detaining him during the pendency of his removal proceedings without providing written notice and a hearing prior to re-detention at which Respondents would bear the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community and that no alternatives to detention would mitigate those risks. *Id*. The Court concurs that, consistent with the requirements of due process, Respondents must provide adequate notice and a hearing before a neutral decisionmaker in conjunction with future re-detention decisions while Petitioner's removal proceedings are pending. With respect to the timing and evidentiary burden required, however, the Court declines to prescribe a particular procedural framework for all possible re-detention decisions Petitioner may face.

## V. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Petitioner's habeas Petition (Dkt. 1) is **GRANTED IN PART**;

(2) Respondents **SHALL release** Petitioner Jaskaran Singh from custody **within 24 HOURS** of the filing of this Order under his most recent conditions of release, if any;

(3) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT** re-detain Petitioner unless an Immigration Court hearing is held (on adequate notice) to determine whether detention is appropriate, or until Petitioner is issued a final order of removal; and

(4) Respondents **SHALL** file a certification **within 48 HOURS** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 9th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge